UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_______________________________________x

TANEIL MONCION,

**Plaintiff,** **Case Number** 1:21-cv-2865

**v.**

FLAT RATE MOVERS LTD,

**Defendant.**
_______________________________________x

## COMPLAINT & JURY DEMAND

1. The Plaintiff, Taneil Moncion, sues Defendant, Flat Rate Movers Ltd for Family Medical Leave Act (FMLA) interference.

2. The Honorable Court has original jurisdiction pursuant to 29 U.S.C. § 2617(a)(2).

3. Plaintiff worked for Defendant in Bronx, New York.

4. In 2018, Plaintiff earned via W2 $70,007.39 working for Defendant.

5. Plaintiff did not earn $70,007.29 or more in 2019.

6. Plaintiff did not earn $70,007.29 or more in 2020.

7. Plaintiff is not currently on track in earning $70,007.29 or more in 2021.

8. Defendant is responsible for the losses Plaintiff has suffered as a result of Defendant's failure to restore Plaintiff to her position after approved FMLA leave.

9. Defendant employs in excess of 50 employees in New York, New York.

10. Plaintiff worked more than 1250 hours the 12 months preceding her need to take FMLA leave.

11. Plaintiff needed FMLA to care for her mother, who had a serious medical condition.

12. Plaintiff was eligible for FMLA leave.

13. Defendant approved Plaintiff's FMLA request.

14. On or about May 28, 2019, Plaintiff provided her *Certification of Health Care Provider for Family Member's Serious Health Condition (Family and Medical Leave)*.

15. On or about May 28, 2019, Plaintiff began FMLA leave.

16. May 28, 2019 to August 20, 2019 is 12 weeks.

17. Veronica Cadet is Defendant's *Human Resources Manager*.

18. On August 19, 2019 at 10:40 a.m. Plaintiff emailed Cadet that she would be returning to work on August 21, 2019.

19. Neither Cadet nor Defendant timely responded to Plaintiff.

20. So, Plaintiff emailed Cadet at 6:33 p.m. on August 19, 2019 to confirm her return date.

21. At 1:18 p.m. on August 20, 2019, Cadet emailed Plaintiff that "David is working on a plan to transition you back to work. We will be calling you within the next day or two with the plan."

22. Plaintiff responded to Cadet at 8:14 p.m. on August 20, 2019 the following: "Please keep me posted."

23. The following day (8-21-19) at 10:22 a.m. Cadet wrote Plaintiff: "Absolutely!"

24. Defendant did not communicate with Plaintiff the remainder of the day on the 21st of August.

25. Plaintiff called Defendant on August 22, 2019.

26. Defendant did not communicate with Plaintiff on the 22nd of August.

27. On August 23, 2019, Plaintiff emailed Cadet: "Just tried to phone you. Are there any updates?"

28. On August 26, 2019, Cadet emailed Plaintiff: "Per my conversation with David, he'll be giving you a call by the end of the day."

29. David did not call Plaintiff on August 26th.

30. Defendant did not contact Plaintiff on August 26th.

31. On August 27, 2019 at 6:46 p.m. Plaintiff emailed Cadet: "Haven't from David. Please follow up with him for me?"

32. On August 28, 2019 at 9:17 a.m. responded to Plaintiff: "Absolutely!"

33. On September 3, 2019 at 8:39 a.m. Plaintiff emailed Cadet: "Please follow up with David again regarding my return. This is going on the 3rd week that I've been waiting for you guys to transition me back to work. I've been ready and eager to return to back to work since I contacted you on 8/19 and you guys have been giving me the run around. As we all know I requested and FlatRate approved a 12 week leave of absence, at this point it's now going on 15 weeks. I've called/emailed you and David both numerous times – on 8/22, 8/23, 8/26, 8/27, 8/29 and I would really like

a returned call/ email informing me on where I stand. If you guys no longer have a position there for me, please let me know so I know how to move forward."

34. Cadet did not timely respond to the above email.

35. On September 9, 2019 at 9:11 a.m., Plaintiff emailed Cadet: "Please see my email below and let me know where we stand. Please have David reach out to me if you do not have any updates."

36. On September 9, 2019 at 10:35 a.m., Cadet emailed Plaintiff: "Thank you so much! He is out of the office this morning and I believe he should be in this afternoon. Will bring back you asap."

37. Defendant did not permit Plaintiff to return to work.

38. Defendant violated 29 U.S.C. § 2615(a)(1).

39. Defendant did not restore Plaintiff to her position.

40. Plaintiff has lost a significant amount of pay from August 21, 2019 to present.

Wherefore, Plaintiff demands judgment, trial by jury, back pay, liquidated damages, reinstatement, if reinstatement is not feasible front pay, attorney's fees, costs and any relief the Honorable Court deems just.

Respectfully submitted this 2nd day of April 2021,

/s/ Bernard R. Mazaheri
Bernard R. Mazaheri
Mazaheri & Mazaheri
325 Shelby St
Frankfort, Kentucky 40601
Tel – (502) 475-8201
Email – Bernie@TheLaborFirm.com