```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
TANIEL MONCION,                                               :
                                                              :
                            Plaintiff,                        :
                                                              :      21-CV-02865 (ALC)(OTW)
            -against-                                         :
                                                              :      OPINION & ORDER
FLAT RATE MOVERS, LTD.,                                       :      DENYING SUMMARY
                                                              :      JUDGMENT
                            Defendant.                        :
                                                              :
                                                              :
                                                              :
                                                              :
------------------------------------------------------------- :
                                                              :
                                                              x
```

**ANDREW L. CARTER, JR., District Judge:**

Plaintiff Taniel Moncion brings a claim under Family Medical Leave Act, 29 U.S.C. § 2615 *et seq.* against Defendant Flat Rate Movers Ltd. for alleged FMLA interference. On July 27, 2022, plaintiff moved for summary judgment. ECF No. 34. After reviewing the parties' submissions, the Court DENIES plaintiff's motion for summary judgment.

## BACKGROUND

The Court assumes the parties' familiarity with the facts of this case. The principal dispute between the parties boils down to whether Ms. Moncion resigned before taking FMLA leave.

According to defendant, in a meeting on May 16, 2019, Ms. Moncion quit her job, which was entered into defendant's system on May 24, 2019. Def.'s Rule 56.1 Response to Plaintiff's Statement of Material Facts (ECF No. 40), ¶¶ 12-13. Defendant claims that "Moncion became

1

hostile and began yelling at Flat Rate's principal" during a meeting, and that she "quit and stormed out of the office." ECF No. 40 at ¶ 12a; Giampietro Decl. at ECF No. 41, ¶¶ 10-16.

Plaintiff makes no mention of a May 16, 2019 meeting in her moving papers. According to plaintiff, on May 28, 2019, Ms. Moncion met with her supervisor, David Giampietro (the Chief Administrative Officer and General Counsel for Defendant Flat Rate Movers Ltd.) and Flat Rate's Human Resources Manager to discuss FMLA leave. ECF No. 40 at ¶ 12. Plaintiff alleges that Giampietro verbally approved plaintiff's request for a three-month medical leave on that day. ECF No. 40 at ¶ 13. Defendant disputes the facts of this alleged May 28, 2019 meeting, and appears to dispute whether the meeting occurred at all. ECF No. 40 at ¶¶ 12a, 13a.

Therefore, plaintiff and defendant appear to dispute (1) whether the May 16, 2019 meeting occurred, (2) whether the May 28, 2019 meeting occurred, and (3) whether Ms. Moncion quit her job at Flat Rate prior to taking FMLA leave. The undisputed facts do show that defendant accepted Ms. Moncion's May 30, 2019 U.S. Department of Labor FMLA Healthcare Provider Certification form, which was hand-delivered by plaintiff. ECF No. 40 at ¶ 14-15.

## LEGAL STANDARD

Under Fed. R. Civ. P. 56, summary judgment is proper where admissible evidence in the form of affidavits, deposition transcripts, or other documentation demonstrates the absence of a genuine issue of material fact and one party's entitlement to judgment as a matter of law. *See Viola v. Philips Med. Sys. of N. Am.*, 42 F.3d 712, 716 (2d Cir. 1994). The moving party has the burden "to demonstrate that no genuine issue respecting any material fact exists." *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1223 (2d Cir. 1994) (citing *Heyman v. Commerce & Indus. Ins. Co.*, 524 F.2d 1317, 1320 (2d Cir. 1975)). A genuine issue of material

fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). In deciding a summary judgment motion, courts must construe the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor. *Niagara Mohawk Power Corp. v. Jones Chemical Inc.*, 315 F.3d 171, 175 (2d Cir. 2003) (citing *Anderson*, 477 U.S. at 255)).

## DISCUSSION

As the parties are not in agreement on the question of whether Ms. Moncion resigned, the Court finds that there is a genuine issue of material fact.

§ 825.311(b) of the Code of Federal Regulations states, in relevant part, "If an employee gives unequivocal notice of intent not to return to work, ***the employer's obligations under FMLA to . . . restore the employee cease***. However, these obligations continue if an employee indicates he or she may be unable to return to work but expresses a continuing desire to do so." 29 C.F.R § 825.311 (2013)(emphasis added).

Here, Flat Rate Movers claims that Ms. Moncion "quit and stormed out of the office" on May 16, 2019. ECF No. 40 at ¶ 12a, Giampietro Decl. at ¶ 14. Ms. Moncion's motion papers make no mention of this May 16 meeting, and she has filed no reply to Defendant's opposition submissions at ECF Nos. 40-43.

Yet Plaintiff has produced evidence that she requested to return to work after the alleged May 16 meeting. For example, On August 19, 2019, she emailed defendant's Human Resources Manager, "I'll be returning to work this Wednesday." *See* ECF No. 34-3 at p. 21. The Human Resources Manager then responded on August 20, 2019, "David [presumably David Giampietro]

3

is working on a plan to transition you back to work. We will be calling you within the next day or two with the plan." *See* ECF No. 34-3 at p. 20.

If Ms. Moncion quit her job on May 16, 2019, the protections of the FMLA would not apply. By emailing Flat Rate's Human Resources Manager to say that she would be returning to work, it appears that at the very least, Ms. Moncion did not believe she had resigned her job. Ms. Moncion's employment relationship with Flat Rate Movers is a genuine issue of material fact, and so the Court denies plaintiff's motion for summary judgment.

## CONCLUSION

For the above reasons, plaintiff's motion for summary judgment is DENIED. The Clerk of Court is respectfully directed to close the open motion at ECF No. 34. The parties are ordered to file a joint status report as to how they wish to proceed within 14 days.

**SO ORDERED.**

**Dated:**     **New York, New York**
                 **March 16, 2023**

                                          **ANDREW L. CARTER, JR.**
                                          **United States District Judge**