UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____x

TANEIL MONCION,

     Plaintiff,                    Case Number
                                        1:21-cv-02865-ALC-OTW

v.

FLAT RATE MOVERS LTD,

     Defendant.
_____x

## MOTION FOR DEFAULT JUDGMENT

### I. Background

On July 26, 2023, the Honorable Court instructed Plaintiff to seek default judgment against Defendant for failure to otherwise defend. [D.E. 54]. Plaintiff moves for default judgment pursuant to Fed. R. Civ. P. 55(b)(2). Pursuant to 28 U.S.C. § 1746 the declaration of Taniel Moncion and Bernard R. Mazaheri are attached to this motion.

On April 2, 2021, Plaintiff sued Defendant for FMLA Interference pursuant to the Family Medical Leave Act, 29 U.S.C. § 2617(a)(1) and (2). The Honorable Court has original jurisdiction over Plaintiff's claim as it arises under Federal Law. 28 U.S.C. § 1331.

1

On April 10, 2023, the Honorable Court ordered Defendant to retain counsel by June 9, 2023. [D.E. 52]. Defendant failed to comply with the Court's Order. Accordingly, on June 27, 2023. the Honorable Court ordered Defendant to show cause. [D.E. 53]. Defendant ignored the Court's Order. The Clerk of the Court has entered the Certificate of Default. [D.E. 67]. The Clerk of the Court Certified a True Copy of the Clerk's Certificate of Default by hand on November 29, 2023, which is attached.

Therefore, Plaintiff moves for default judgment.

## II. Discussion

### A. Default

A party against whom a judgment for affirmative relief is sought is in default when it has failed to plead or otherwise defend the suit. See Fed. R. Civ. P. 55(a). A default judgment entered on well-pleaded allegations in a complaint establishes a defendant's liability. *Belizaire v. RAV Investigative and Sec. Servs. Ltd.*, 61 F. Supp. 3d 336, 344 (S.D.N.Y. 2014). In evaluating a motion for default judgment, the court must accept as true all of the factual allegations of the non-defaulting party and draw all reasonable inferences in its favor. *Id*. Nonetheless, because a party in default does not admit conclusions of law, a district court

must "determine whether the [plaintiff's] allegations establish [the defendant's] liability as a matter of law." *Id.* (quoting *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)).

To secure a default judgment for damages, the plaintiff must produce evidence sufficient to establish damages with "reasonable certainty." *Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc.*, 699 F.3d 230, 235 (2d Cir. 2012) (quoting *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)) (internal quotation marks omitted). District courts have "much discretion" to determine whether to hold an inquest on damages; an inquest is not mandatory, and a plaintiff's damages may be established by "detailed affidavits and documentary evidence." *Id.* at 234 (quoting *Tamarin v. Adam Caterers, Inc.*, 13 F.3d 51, 54 (2d Cir. 1993)).

Here, Defendant has flouted the Court's Orders and failed to defend itself. Accordingly, Defendant is in default [D.E. 67] and default judgment ought to be entered against Defendant.

### B. FMLA

Under the FMLA, it is "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise [] any right provided

under [the law]." 29 U.S.C. § 2615(a)(1). In passing the FMLA, Congress recognized that, "due to the nature of the roles of men and women in our society, the primary responsibility for family caretaking often falls on women, and such responsibility affects the working lives of women more than it affects the working lives of men." 29 U.S.C. § 2601(a)(5). Accordingly, the central purposes of the Act include the need "to balance the demands of the workplace with the needs of families, to promoted the stability and economic security of families, to promote national interests in preserving family integrity" and "to entitle employees to take reasonable leave . . . for the care of a child, spouse, or parent who has a serious health condition." 29 U.S.C. § 2601(b)(1)-(2).

The Plaintiff in this case needed FMLA to care for her mother following a diagnoses of Stage 3 inflammatory breast cancer (IBC). Plaintiff gave Defendant notice of her need for leave, provided a completed DOL Form WH-380-F to Defendant, and communicated with Defendant regularly regarding her scheduled return to work date - but was never reinstated to her job. Accordingly, Defendant interfered with Plaintiff's rights under 29 U.S.C. § 2614(a)(1)(A)-(B) and judgment should be entered in favor of Plaintiff and against Defendant for:

(1) $214,182.85 in back pay; (2) $214,182.85 in liquidated damages; and (3) $100,000.00 in front pay, plus interest at 9%.

To establish a claim for FMLA Interference, Plaintiff must show: (1) that she is an "eligible employee;" (2) that the Defendant is her "employer;" (3) that she was entitled to take leave under the FMLA; (4) that she gave notice to the Defendant of her intention to take leave; and (5) that she was denied benefits to which she was entitled under the law. *Lievre v. JRM Constr. Mgmt., LLC*, 2019 U.S. Dist. LEXIS 161449 at *32 (S.D.N.Y. Sept. 20, 2019) (*citing Graziadio v. Culinary Inst. of America*, 817 F.3d 415, 474 (2d Cir. 2016)).

Under the FMLA, "an eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-month period . . . in order to care for the spouse, or a son, daughter, or parent, of the employee, if such spouse, son, daughter, or parent has a serious health condition." 29 U.S.C. §2612(a)(1)(C).

An "eligible employee" is an employee who has been employed: (1) for at least 12 months by the employer with respect to whom leave is requested; and (2) for at least 1,250 hours of service with such employer during the previous 12-month period. 29 U.S.C. § 2611(2)(A). Moreover, in order to be eligible for FMLA leave, the employee must work at a location where the employer has 50 or more

employees within a 75-mile radius. 29 U.S.C. § 2611(2)(B). It is undisputed that Defendant employed more than 50 employees at the location where Plaintiff worked; [D.E. 1 at ¶ 9]; [D.E. 10 at ¶ 9]; and that, as a full-time employee, Plaintiff worked more than 1,250 hours in the 12 months preceding her request for FMLA leave. *See* Declaration of Taneil Moncion attached hereto.

Under the FMLA, "parent" means "the biological parent of an employee or an individual who stood in loco parentis to an employee when the employe was a son or daughter." U.S.C. § 2611(7). Here, Plaintiff requested FMLA leave to care for her mother, Celeste A. Moncion.

Under the FMLA, "serious health condition" means "an illness, injury, impairment, or physical or mental condition that involves either: (1) inpatient care in a hospital, hospice, or residential medical care facility; or (2) continuing treatment by a health care provider." 29 U.S.C. §2611(11). Plaintiff's mother suffered from "inflammatory breast cancer, hypertension, anxiety [disorder] and near syncope" and was scheduled for continuing treatment by an oncologist, a surgical oncologist, and a psychiatrist. *Id.*

The Department of Labor promulgated regulations setting forth categories of serious health conditions requiring continuing treatment as contemplated by

the FMLA, including "a condition that would likely result in a period of incapacity of more than three consecutive, full calendar days in the absence of medical intervention, such as cancer (chemotherapy, radiation, etc.), severe arthritis (physical therapy), or kidney disease (dialysis)." 29 C.F.R. § 825.115(e)(2); s*ee also Pollard v. New York Methodist Hosp.*, 861 F.3d 374 (2d Cir. 2017) (discussing regulatory definitions of "treatment" and "incapacity" where employer disputed existence of a "serious health condition.").

Plaintiff's mother suffered a serious health condition as defined by the Act and that Plaintiff was needed to care for her mother during the months following her diagnosis with an aggressive form of breast cancer that required continuing treatment by a surgical oncologist. Accordingly, this element of Plaintiff's claim is met as a matter of law.

An "employer" is "any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer." *Graziadio v. Culinary Inst. of America*, 817 F.3d 415, 422-423 (2d Cir. 2016) (*citing* 29 U.S.C. § 2611(4)(A)(ii)(I) *and* 29 C.F.R. § 825.104(d)). Courts in the Second Circuit utilize an "economic reality" test to determine whether an employer-employee relationship exists under the FMLA. *Graziado*, at 422. In doing so, they consider

"a nonexclusive and overlapping set of factors" intended to "encompass the totality of the circumstances." *Id.* (internal citations omitted). These factors include, but are not limited to: whether the employer had the power to hire and fire the employee, whether the employer supervised and controlled employee work schedules or conditions of employment, whether the employer determined the rate and method of payment, and whether the employer maintained employment records. *Id.* (*citing Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999) and *Carter v. Dutchess Cmty., Coll.*, 735 F.2d 8, 12 (2d Cir. 1984)).

Defendant is a moving company and Domestic Business Corporation licensed to do business in New York since 1991. Defendant operates its moving business in New York, Los Angeles, San Francisco, Miami, Washington, D.C., Orlando and London. Defendant employs more than 50 employees in its New York operation. [D.E. 1 at ¶ 9]; [D.E. 10 at ¶ 9].

In the FMLA context, the essential question of whether the "economic reality" of an employment relationship exists is "whether the putative employer controlled in whole or in part [the] plaintiff's rights under the FMLA." *Graziadio v. Culinary Inst. of America*, 817 F.3d 415, 423 (2d Cir. 2016) (*citing Noia v. Orthopedic Assocs. of Long Island*, 93 F. Supp. 3d 13, 16 (E.D.N.Y. 2015). Defendant

was Plaintiff's employer pursuant to 29 U.S.C. § 2611(4)(A)(i). Accordingly, this element of Plaintiff's claim is met as a matter of law.

Under the FMLA, an employee seeking leave is not required to submit a medical certification unless and until one is specifically requested by her employer. *See* 29 C.F.R. § 825.305(a). It is *not* the obligation of the employee to provide the employer with *all* of the necessary details to permit a definitive determination of the FMLA's applicability at or before the time of the request. *Coutard v. Mun. Credit Unio*n, 848 F.3d 102, 111-112 (2d Cir. 2017). Rather, the employee need only provide "sufficient information for an employer to reasonable determine whether the FMLA may apply to the leave request." 29 C.F.R. § 825.303.

"An employee giving notice of the need for FMLA leave does not need to expressly assert rights under the Act" or "even mention the FMLA to meet his or her obligation to provide notice." 29 C.F.R. § 825.301(b); *see also Lievre v. JRM Constr. Mgmt., LLC*, 2019 U.S. Dist. LEXIS 161449 at *35 (S.D.N.Y. 2019). Here, Plaintiff provided Defendant notice specifically requesting three months of leave time to assist Mrs. Celeste Moncion (Plaintiff's mother) with her daily, tasks,

errands and health care requirements necessitated by an aggressive cancer
diagnosis.

Under the FMLA, "[a]n employee must provide the employer at least 30
days advance notice before FMLA leave is to begin if the need for the leave is
foreseeable" or, "[I]f 30 days notice is not practicable, such as because of a lack of
knowledge of approximately when leave will be required to begin, a change in
circumstances, or a medical emergency, notice must be given as soon as
practicable." 29 C.F.R. § 825.302(a). Plaintiff provided Defendant with notice of
her need for leave as soon as practicable under the facts and circumstance of this
case. 29 C.F.R. § 825.303 (a). Specifically, Plaintiff notified her employer of her
need for leave immediately upon learning that she would need to assist her
mother in her battle against cancer. Here again, Defendant never notified
Plaintiff that any aspect of her request for Family Medical Leave was inadequate
or deficient.

"An eligible employee, upon return from [FMLA] leave, is entitled 'to be
restored by the employer to the position of employment held by the employee
when the leave commenced' or to be restored to an equivalent position with
equivalent employment benefits, pay and other terms and conditions of

employment.'" *Pollard v. New York Methodist Hosp.*, 861 F.3d 374, 378 (2d Cir. 2017) (*citing* 29 U.S.C. § 2614(a)(1)(A)-(B)).

On August 19, 2019, Plaintiff notified Defendant of her intention to return to work on Wednesday, August 21, 2019. Defendant never reinstated Plaintiff.

Plaintiff sought to return to work following her FMLA leave. Defendant refused to permit Plaintiff to return to work. Defendant's failure to reinstate Plaintiff to her former position upon the expiration of her FMLA leave is a violation of the mandate of Congress. Accordingly, this element of Plaintiff's claim is established as a matter of law.

Under the FMLA, "any employer who violates section 2615 [] shall be liable to any eligible employee affected:

(A) for damages equal to:

(i) the amount of any wages, salary, employment benefits, or other compensation denied or lost to such employee by reason of the violation. . .

(ii) the interest on the amount described above calculated at the prevailing rate;

(iii) an additional amount as liquidated damages equal to the sum of the amount described in clause (i) and the interest described in clause (ii). . .

*and*

(B) for such equitable relief as may be appropriate, including employment, reinstatement, and promotion.

29 U.S.C. § 2617(a)(1)(A) - (B). Moreover, the court "shall, in addition to any judgment awarded to the plaintiff, allow a reasonable attorney's fee, reasonable expert witness fees, and other costs of the action to be paid by the defendant." 29 U.S.C. § 2617(a)(4).

Here, Plaintiff's damages are ascertainable and undisputed. Plaintiff worked for Defendant in the Bronx, New York. [D.E. 1 at ¶ 3]; [D.E. 10 at ¶ 3]. In 2018, Defendant paid Plaintiff $70,007.39 in wages. Had Defendant reinstated Plaintiff in August 2019, then Plaintiff would have earned at least $306,632.85 in wages for her work ($1,400.15 per week x 219 weeks). Exhibit A ¶ 30. Instead, Plaintiff only earned $92,450.00 working various jobs. Exhibit A ¶¶ 32 & 33. Accordingly, Defendant owes Plaintiff $214,182.85 in back pay ($306,632.85 - $92,450.00). Exhibit A ¶ 34. 16.  Pursuant to 29 U.S.C. § 2617(a)(1)(ii) Plaintiff is entitled to pre-judgment interest on $214,182.50 from April 2, 2021 through November 2, 2023. Pursuant to New York law on pre-judgment interest and the Court's practices the pre-judgment rate is 9%, which entitles Plaintiff to $49,854.64 ($214,182.50 x 9% ÷ 365 x 944 days {the number of days between the filing of the Complaint and the Clerk's Certificate of Default}) pursuant to the

plain language of the FMLA statute cited herein. Thus, Plaintiff is entitled to liquidated damages in the amount of $264,037.14 pursuant to the plain language of 29 U.S.C. § 2617(a)(1)(iii).  The manner in which Defendant has handled this case and the Plaintiff the relationship is irrevocably broken. Plaintiff is entitled to front pay for five years as she worked for the Defendant for seven years. Exhibit A ¶ 3. Plaintiff is earning $20,000.00 less a year, so she demands $100,000.00 in front pay which is five years of front pay. Exhibit A ¶¶ 36 & 37. The court ought to award damages in the total amount of **$578,219.64** for back pay, pre-judgment interest, liquidated damages and front pay plus post judgment interest at 9%.

### III.    Conclusion

Defendant violated the FMLA. Defendant is in default. As such, default judgment ought to be entered against Defendant and in favor of Plaintiff in the amount of $578,219.64 plus post-judgment interest in the amount of 9%.

Respectfully submitted this 13th day of December 2023,

/s/ *Bernard R. Mazaheri*
Bernard R. Mazaheri
Mazaheri & Mazaheri
PO Box 656
Frankfort, Kentucky 40602
Tel – (502) 475-8201
Email – bernie@thelaborfirm.com

**Certificate of Service**

I hereby certify that a true and accurate copy of the foregoing has been

submitted to Defendant via certified mail _____7019 2970 0002 0392 3404_____ to

Flat Rate Movers Ltd, 27 Bruckner Blvd, 2nd Fl, Bronx, New York 10454 on the

13th day of December 2023.

/s/ Bernard R. Mazaheri_____
Bernard R. Mazaheri