UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

MONCION,

                         **Plaintiff,**

      -against-

FLAT RATE MOVERS, LTD.,

                        **Defendant.**

-----------------------------------------------------------x

21-cv-2865 (ALC)

**ORDER GRANTING MOTION TO VACATE DEFAULT**

**ANDREW L. CARTER, JR., District Judge:**

On December 26, the Court entered default judgment against Defendant. Less than one month later, Defendant moved to vacate the default. The motion is GRANTED.

## BACKGROUND

On March 16, 2023, this Court issued an order denying summary judgment. Plaintiff did nothing to prosecute the case, prompting the Court to issue an OSHOW for failure to prosecute on October 16, 2023, with a response date of October 23. After Plaintiff missed the deadline, the case was terminated. On October 24, Plaintiff moved to reopen the case and requested more time to respond to the OSHOW. The court granted the motion. In its response to the OSHOW, Plaintiff offered defense counsel's withdrawal as an excuse for Plaintiff counsel's lack of diligence in pursuing the case. The Court accepted Plaintiff's excuse and satisfied the OSHOW.

On October 31, Plaintiff filed a motion for default deficient before obtaining a clerk's certificate of default. On November 1, Plaintiff obtained a clerk's certificate of default, but did not correct the deficient motion or file a new motion for default until ordered by the Court on December 12, 2023. On December 13, 2023, Plaintiff moved for default judgment, after the Court's order to do so.

Defendant admits that it received the motion for default, but was not aware of the deadline to respond, since it did not receive the Court's OSHOW, dated December 15, directing Defendant to respond by December 22. The Court issued an order entering default judgment on December 26. Defendant's attorney was out of town and received the order on January 2, 2024. Fourteen days later, on January 16, 2024, Defendant moved to vacate the default.

DISCUSSION

In deciding whether to vacate a default judgment, under Fed. R. Civ. P. 60(b), the Court must determine "(1) whether the default was willful; (2) whether the defendant demonstrates the existence of a meritorious defense; and (3) whether, and to what extent, vacating the default will cause the non defaulting party prejudice." *State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada*, 374 F3d 158, 167 [2d Cir 2004].[1]

Since Defendant did not receive anything regarding a default judgment until January 2, Defendant was– at most– negligent, but not willful in its default.[2]  Defendant has stated a

---

[1] Defendants' claim under Fed. Rule 60(b)(4) is without merit.

[2] Even if Defendant received the Court's OSHOW, Defendant was negligent, not willful, in defaulting.

meritorious defense, successfully opposing summary judgment. The Plaintiff will not be prejudiced by vacating the default. If the Plaintiff has suffered prejudice regarding the delay in moving the case forward, most of that delay is attributable to the Plaintiff's attorney doing nothing for several months to move the case forward, followed by the Plaintiff's attorney miscues regarding the motion for default, not the brief delay caused by the Defendant's lapse in responding to the motion for default or the OSHOW.

*Trs. of the N.Y. City Dist. Council of Carpenters Pension Fund v. Abilene Decorating, Inc.*, 2021 LEXIS 71332, 2021 WL 1393455 (S.D.N.Y. 2021)—relied on by Plaintiff— is distinguishable. In that case, the Court found that after the defendant received the motion for default, the defendant waited more than two months to enter a notice of appearance or respond. In this case, there was no two-month delay. Moreover, this case was actively litigated by the parties until after the decision denying summary judgment, when neither party did anything to move the case forward for almost 9 months.

Furthermore, since the Second Circuit prefers for cases to be decided on the merits, the default judgment is VACATED.

**SO ORDERED.**

**Dated: May 9, 2024**
**New York, New York**

                                                              <u>/s/ Andrew L. Carter, Jr.</u>
                                                              **ANDREW L. CARTER, JR.**
                                                              **United States District Judge**